**GENERAL STAR INDEMNITY COMPANY, Plaintiff,**

v.

**ANHEUSER–BUSCH COMPANIES, INC., Busch Entertainment Corporation, and Sea World, Inc., Defendants.**

**No. 3:97–CV–2542 (EBB).**

United States District Court, D. Connecticut.

Nov. 30, 1998.

---

**3.** The date of enactment was after the denial of Rodriguez's prior claims.

Jonathan B. Tropp, Day, Berry & Howard, Stamford, CT, for plaintiff.

David B. Zabel, Stewart I. Edelstein, Cohen & Wolf, P.C., Bridgeport, CT, Robert I. Westerfield, Bowles & Verna, Walnut Creek, CA, for defendants.

### *RULING ON MOTION FOR RECONSIDERATION*

ELLEN B. BURNS, Senior District Judge.

### *INTRODUCTION*

On August 24, 1998, this Court issued its Ruling on Motion to Dismiss, granting same, after concluding that this Court did not have personal jurisdiction over the Defendants herein. Within the permitted ten (10) days, Plaintiff filed the present Motion for Reconsideration. The Motion for Reconsideration [Doc. No. 35] is hereby GRANTED IN PART and DENIED IN PART. The Court willingly corrects the de minimus factual errors in its Ruling, which facts, as corrected, are still insufficient for the Court to hale Defendants before it.

In the alternative, the Court hereby exercises its discretion and formally abstains from the case under the authority of *Wilton v. Seven Falls Company et al.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) and *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

### STATEMENT OF FACTS

The Court sets forth only those additional facts deemed necessary to an understanding of the issues in, and decision rendered on, this Motion. Otherwise, the Court assumes familiarity with the lengthy Statement of Facts found in its original Ruling on Motion to Dismiss.

Plaintiff contends that the following statements in the Ruling are factually incorrect and, if corrected, jurisdiction will lie in this forum:

1. "Under the Indemnity provision, the Sphere Drake policy names Busch Entertainment Corporations and its parent as an insured." The Court has reviewed the pertinent documents again and finds that Plaintiff is correct. Accordingly, that sentence of the original Ruling is hereby stricken. The Court finds, however, that the analysis of the Ruling did not depend on this one statement, alone or together with the rest of the factual findings in that Ruling.

2. "The Mitchell Kalmanson Agency was an agent of Gen Star and the giving of notice to them was done in Florida, passed through another intermediary and, finally, to headquarters in Connecticut." The Court does not believe its factual finding on this issue was incorrect and will not amend it. As noted in its Ruling, the Policy at issue reads, "[i]n the event of an occurrence covered hereunder, involving injuries or damages which, without regard to legal liability, appears likely to involve this Policy, written notice ... shall be given by or for the insured to the Company or **any of its authorized agents.**" The Court believes that Gen Star's reading of this clause—that it somehow refers to an authorized agent of the *insured,* rather than the *Company*—is illogical semantically and in reality. It is plain to

this Court that the word "its" is modifying the word "Company", not the "insured." [1]

3. The Court simply disagrees with Plaintiff that the simple act of cutting and sending of checks from Connecticut is "substantial performance" of the contract. It is undoubtedly an integral part, but it is merely the end product of extensive investigations handled outside of Connecticut.

4. Likewise, the telephone calls to corporate headquarters to speak to the President of Gen Star over the Willis claim, when all communications at a lower level had failed, is not such conduct that the Defendants should reasonably expect to be haled before this Court as a result thereof. The Court assumes that millions of calls are received daily in corporate headquarters of insurance companies all over the world. The callers would most assuredly be astounded to learn that such a call could force them to litigate in a foreign jurisdiction based on this conduct, should litigation ensue. The Court does not read *Thomason v. Chemical Bank,* 234 Conn. 281, 290, 661 A.2d 595 (1995) as broadly as Plaintiff herein does. In any event, "the totality of defendant[s'] conduct and connection with the state," *id.,* herein *has* been considered and found to be wanting. The Court, accordingly, does not revisit that factual issue. [2]

5. "Gen Star is a surplus lines carrier only licensed to do business only in Connecticut." The Court will credit this as an accurate statement on its face and, accordingly, will delete the statement that "Gen Star is licensed to do business in Florida, New York, Illinois and Ohio" from its Ruling. The correct factual allegation does not change the analysis, however, because the emphasis should be on the power of the surplus lines brokers who function as conduits for Gen Star for the placement of risks. [3]

---

1. Even if the Court were to find the term ambiguous, which it does not, it would still construe it against Gen Star, as drafter of its own policies.

2. Although Plaintiff's primary reliance in its original moving papers, and again in its Motion for Reconsideration, is *Lombard Bros. Inc. v. General Asset Mgmt. Co.,* 190 Conn. 245, 460 A.2d 481 (1983), the Court need not consider dicta as controlling authority. The Court believes that its

reliance on cases which specifically address what a Plaintiff must do to surmount a well-founded Motion to Dismiss is a more legally sound path to take.

3. In any event, where Gen Star is licensed to do business is legally irrelevant to the issue before the Court, unless Gen Star is claiming that simply because it is licensed only in Connecticut, each and all of its contracts "are to be per-

The Court simply cannot identify the relationship among Gen Star and its brokers as anything other than one of agency. "Agency is the fiduciary relationship which results from the manifestation of consent of one person [Gen Star] to another [Kalmanson Agency] that the other [Kalmanson Agency] shall act on his [Gen Star's] behalf and subject to his [Gen Star's] control and consent by the other [Kalmanson Agency] so to act." *Restatement (Second) of Agency* § 1, *cited in* Plaintiff's Memorandum of Law at p. 4.

6. Gen Star had no duty to investigate the Occurrence under the terms of the policy. This, too, may be a statement factually correct on its face; the difficulty is, that it is incomplete as a matter of reality. Gen Star intentionally assumed the duty to investigate the Occurrence and did so primarily in Chicago and Ohio.

To summarize the factual portion of this Ruling, the Court hereby corrects the statements noted above in Paragraphs 1 and 5. To that extent, the Motion for Reconsideration is GRANTED. All other facts will remain as originally found in the Court's initial Ruling.

## *LEGAL ANALYSIS*

### I. *The Case Law*

Plaintiff has provided the Court with no "controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local Rule 9(e). For this reason, the Court will not alter the legal conclusion of its original Ruling and that portion of the Motion for Reconsideration is DENIED.

### II. *Abstention*

Some fifty years ago, in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), the Supreme Court held that a district court may decline to hear declaratory judgment actions, in favor of pending state actions for reasons of judicial economy, even where the court has jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). "Although the district court had jurisdiction . . ., it was under no compulsion to exercise that jurisdiction," *Brillhart*, 316

U.S. at 494, 62 S.Ct. 1173, and the Supreme Court made clear that a district court has the discretion to dismiss a declaratory judgment action when "it would be uneconomical as well as vexatious for a federal court to proceed with a declaratory judgment suit where another suit in pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 495, 62 S.Ct. 1173. The Court did not articulate all of the considerations which should guide a district court's decision in this regard; it did provide, however, that the court "should ascertain whether the questions in controversy between the parties to the federal suit[ ] . . . can better be settled in the proceeding pending in the state court[ ]", assess "the scope of the pending state proceeding and the nature of the defenses open there[ ]", and evaluate "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding, etc." *Id.*

Following the *Brillhart* decision, the Supreme Court decided *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), which cases set forth fairly stringent requirements for abstention, with the presumption weighed against it. Thus, the inquiry became whether *Brillhart* survived these two later-decided cases.

▆▆ The answer came in the *Wilton* decision, which held that the *Brillhart* discretionary standard governs a district court's decision to abstain in a federal declaratory judgment action during the pendency of parallel state court proceedings. *Wilton*, 515 U.S. at 289–90, 115 S.Ct. 2137. Its decision was premised on "[d]istinct features" of a declaratory judgment action, which, in the *Wilton* Court's view, "justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River* and *Moses H. Cone*."

formed" in the State. If this is, indeed, Gen Star's claim, the Court rejects it.

*Id.* at 286, 115 S.Ct. 2137. A decision to abstain from a declaratory judgment action is reviewed for abuse of discretion. *Id.* at 289–90, 115 S.Ct. 2137.

This Court now formally abstains from this litigation and the legal conclusions of the Ruling on Motion to Dismiss will not be reconsidered. Although Gen Star states in its moving papers that it is "reserving its rights" as to the dismissed tort claims, it makes no complaint regarding them in its Motion for Reconsideration; they are not, accordingly, "reserved" for this Court's review. In contradistinction, with the tort claims dismissed, as each was in the original Ruling, all that is left for this Court to reconsider its decision on are Counts One and Two, which are both declaratory judgment claims.

This Court finds that the Florida state court action can easily accomplish what this Court cannot—it can adjudicate *all* claims arising out of the entire transactions between and among not only the present parties, but *all* parties having anything to do with said transaction and the Occurrence itself. *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173. The Court has examined the Complaint in the Florida action and finds it to be a reverse image of the present, with the critical difference being the joinder of Sphere Drake as a party. Accordingly, the "questions in controversy in the federal suit[ ] . . . can better be settled in the proceeding pending in the state court[ ] . . . ." *Id.*

Further, the Florida state court action is proceeding with discovery and the presiding judge has determined not to stay that action. *See* Transcript of Proceedings before Honorable Joseph P. Baker (October 28, 1998), attached as Exhibit A hereto. This, too, weighs heavily in favor of abstention.

### CONCLUSION

For these reasons, this Court will not reconsider its original substantive Ruling. Alternatively, the Court formally abstains from adjudicating this case piecemeal and finds that the Florida state court is the appropriate forum for all parties and all claims.

The Court, as noted above, corrects two misstatements of fact in the original Ruling by deleting same. In all other respects, the Motion to Reconsider [Doc. No. 35] is DENIED.

SO ORDERED.

### Exhibit A

In the Circuit Court for
Orange County, Florida

Anheuser–Busch Companies, Inc., Busch Entertainment Corporation and Sea World, Inc., Plaintiffs,

v.

General Star Indemnity Company, Sphere Drake Insurance, P.L.C. and John Does, Defendants.

Case No: CI 98–3379

Transcript of Proceedings beginning at 9:35 a.m., and concluding at 10:00 a.m., on WEDNESDAY, OCTOBER 28, 1998, taken at Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida, before the Honorable JOSEPH P. BAKER, Circuit Court Judge.

APPEARANCES:

William E. Lawton, Esq.
Dean, Ringers, Morgan & Lawton, P.A.
200 East Robinson Street, Suite 1020
Orlando, Florida 32801
On behalf of the Plaintiffs
Robert I. Westerfield, Esq.
Bowles & Verna
California Plaza
2121 North California Boulevard, Suite 875
Post Office Box 8180
Walnut Creek, California 94596–8180
On behalf of the Plaintiffs.

I'll tell you what, just draw an order that says I recognize there's a proceeding going on in Connecticut, I don't want to preempt the Connecticut judge on jurisdiction or the decision on proceeding in Connecticut and that's up to the judge, he or she may decide as they wish, but in the meantime I'm going to allow this case to proceed, and any discovery in this case will be treated as discovery for purposes of both cases and usable in both

cases, whichever he, she, or I decide is the appropriate one to ultimately decide the case.

MR. WESTERFIELD: Very good.

MR. LAWTON: Thank, you, Your Honor.

THE COURT: Thank you, Mr. Tropp. I'm going to hang up on you now.

MR. LAWTON: We'll draw the order and send it to opposing counsel.

(Proceedings concluded at 10:00 a.m.)